# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **KENITH L. TONEY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v.  ) | **Civil Action No. 5:04-0345** |
| ) | **(Criminal No. 5:02-0229)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Document No. 71.)[1] Having conducted a thorough examination of the record in this matter, the underlying criminal proceedings and the Fourth Circuit Court of Appeals, the undersigned has determined that the record conclusively shows that Movant is entitled to no relief and respectfully recommends that this matter be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

By a one-count Indictment filed on October 2, 2002, Movant was charged with possessing five grams or more of cocaine base on or about September 7, 2002, with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). (Criminal No. 5:02-0229, Document No. 11.) Movant pled guilty to the charge on January 24, 2003. (Id., Document Nos. 44 - 46.) In its Presentence Investigation Report, the Office of Probation concluded that Movant was not entitled to credit for acceptance of responsibility because he attempted to minimize the extent of his criminal conduct in

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

meeting with the Probation Officer preparing the report. Movant objected and raised his objection during the sentencing hearing on June 5, 2003. The District Court overruled the objection (Id., Document Nos. 55 and 65, sentencing hearing, pp. 26 - 28.) and sentenced Movant to 168 months in prison and a five year term of supervised release and imposed a $100 special assessment. (Id., Document No. 54.) Movant appealed challenging the District Court's determination that he failed to accept responsibility for his conduct. The Fourth Circuit affirmed the District Court's decision. United States v. Toney, 83 Fed.Appx. 550, 2003 WL 22999426 (C.A.4(W.Va.)).[2] Movant did not seek review in the United States Supreme Court.

Movant, acting *pro se*, filed his Section 2255 Motion initiating this matter on April 9, 2004. (Document No. 71.) Movant states four grounds for *habeas* relief as follows:

> Ground one: Whether counsel was ineffective and violated Mr. Toney's Sixth Amendment rights at critical stages of plea and appeal.
>
> Supporting facts: Counsel Richard M. Gunnoe provided ineffective assistance of counsel when he failed to challenge the prosecution's case to meaningful adversarial testings where the results in the plea agreement would have been different had counsel bargained for full acceptance of responsibility, timely contacted Mr. Toney prior to appellate brief being filed.
>
> Ground Two: Whether the District Court erred in denying Mr. Toney the full three point reduction for acceptance of responsibility.
>
> Supporting facts: Both the District Court and the Court of Appeals deprived Mr. Toney of the right to acceptance of responsibility reduction when he clearly cooperated and even answered all questions relevant to a plea agreement and saved the tax payers resources and time by cooperating without a trial and costly expenses

---

[2] The undersigned initially appointed Criminal Justice Act Panel Attorney J. Steven Hunter to represent Movant. (Criminal No. 5:02-0229, Document No. 9.) Movant requested a change of counsel, and by Order filed on November 26, 2002, the District Court allowed it. (*Id.*, Document No. 28.) The Court then appointed Criminal Justice Act Panel Attorney Richard M. Gunnoe to represent Movant. (*Id.*, Document No. 32.) Mr. Gunnoe represented Movant through his plea and sentencing hearing and filed a Notice of Appeal on his behalf. (*Id.*, Document No. 56.) The Fourth Circuit appointed Mr. Gunnoe to represent Movant on appeal. (*Id.*, Document No. 61.)

of a trial proceeding.

Ground three: Whether the District Court abused its authority in depriving Mr. Toney and prejudiced his defense in the plea.

Supporting facts: The District Court Judge made various inquiries in which Mr. Toney responded to honestly, yet, accepting the Probation Officer's statements, denied equal protection of laws for acceptance of responsibility creating an unfair miscarriage of justice pursuant to U.S.S.G. § 3E1.1(b)(2).

Ground four: Whether Mr. Toney is entitled to Sixth Amendment rights to legal assistant representation under these *habeas* reviews.

Supporting facts: The Sixth Amendment provides that every criminal defendant is entitled to representation in a criminal proceeding, and this case has precedent as such and the petitioner is entitled to . . . counsel from North Carolina to respond to objections to Mr. Toney's action herein and this Court should grant such request as a constitutional right to grant Scottie Lee Graves to assist from North Carolina.[3]

## **DISCUSSION**

The relevant portion of § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Issues which have been raised and decided on direst appeal ordinarily may not be considered again under Section 2255. In order to be cognizable under Section 2255, claims based on other than

---

[3] "Though there is no constitutional right to counsel in § 2255 proceedings, 'there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required.'" *United States v. Phillips*, 134 F.3d 365, 1998 WL 48561 (C.A.4(Md.)), *citing United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Section 2255 provides for an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A federal Court in a *habeas* proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitled him to relief. *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963).

constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not in addition to or a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d

4

192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v.

5

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

Movant claims in his first three grounds for *habeas* relief that (1) Mr. Gunnoe was ineffective in representing him in plea negotiations by failing to obtain the United States' agreement that he was entitled to credit for acceptance of responsibility; (2) the District and Appellate Court's improperly denied him the credit; and (3) the District Court abused its authority in denying him the credit. The transcript of Movant's sentencing hearing discloses that Mr. Gunnoe objected to the Office of Probation's recommendation that Movant not receive credit for acceptance of responsibility, and the District Court overruled the objection. (Document No. 65, sentencing hearing, pp. 26 - 28.) The District Court's determination that Movant was not entitled to credit for acceptance of responsibility was examined on direct appeal and affirmed. The determination is therefore not a proper subject in these *habeas* proceedings. Movant's claim that Mr. Gunnoe was ineffective in representing him in plea negotiations fails legally, fails logically and does not meet the Strickland

6

two-part test. First, Movant acknowledged at his plea hearing that he had discussed the Sentencing Guidelines with Mr. Gunnoe and understood that the District Court would "look to your cooperation or lack of cooperation with the United States and your acceptance or lack of acceptance of responsibility for your criminal conduct, among other factors." (Document No. 65, plea hearing, p. 18.) Thus, Movant knew and understood that legally the question of his entitlement to credit for acceptance of responsibility remained for the District Court to decide and was not a matter to be negotiated. Second, the undersigned understands that Movant did not meet with the Probation Officer who prepared his Presentence Investigation Report prior to the negotiation and entry of his plea. Movant might have anticipated therefore at the time he entered his plea that he would be entitled to credit for acceptance of responsibility. Logically, there was nothing for Mr. Gunnoe to discuss or negotiate at that time. In meeting with the Probation Officer thereafter, Movant minimized his conduct, and the Probation Officer concluded that Movant was not entitled to the credit. Finally, in view of the above circumstances, Movant cannot demonstrate that Mr. Gunnoe's performance was objectively deficient or unreasonable or that the results of the plea negotiation process would have been different had Mr. Gunnoe made an issue of acceptance of responsibility at that point. The record conclusively demonstrates that Movant is entitled to no relief, and therefore it is not necessary to hold an evidentiary hearing in this matter. Consequently, Movant is not entitled to counsel in this matter.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 71.), **DISMISS** this matter and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Movant who is acting *pro se*.

Date: August 2, 2007.

R. Clarke VanDervort
United States Magistrate Judge